FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENNEDY McDOW, SR.,

      Plaintiff-Appellant,

v.

CHRISTINE M. GONZALES;
ROBERTA (ROBIN) NORTON;
THE STATE OF NEW MEXICO;
ROXEANNE B. ESQUIBEL;
MELISSA ARMSTRONG; CANON
STEVENS; MICHAEL
KWASNIEWSKI; NEW MEXICO
STATE POLICE; GEORGE BENAL;
OTERO COUNTY SHERIFF'S
OFFICE; JOHN BLANSETT;
NORBERT SANCHEZ; WILLIAM
WOLTZ; LEON LEDBETTER; LISA
DELORM; EDUARDO MEDRANO;
ROBBIE VIRDEN; SERIOLOGICAL
INSTITUTE; THOMAS FEDOR,

      Defendants-Appellees.

Nos. 08-2202 & 08-2264
(D.C. No. 1:07-CV-01266-JB-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Plaintiff Kennedy McDow, Sr., a former prisoner of the State of New Mexico appearing pro se, appeals from the district court's orders dismissing his claims against all of the defendants in this civil rights suit brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In November 2003, plaintiff was arrested pursuant to an arrest warrant in Otero County, New Mexico, and charged with nine criminal counts. A jury convicted him of one count of false imprisonment and one count of tampering with evidence, and the trial court sentenced him to three years' incarceration. His attempts to overturn his conviction were unsuccessful on direct appeal and on both state and federal habeas review. He was released from jail in March 2006.

Plaintiff filed this suit in December 2007, alleging that defendants violated his civil rights in connection with his state-court arrest and conviction. The defendants include the Otero County Sheriff's Office and various County officials (the "County Defendants"[1]); the State of New Mexico, the New Mexico State Police, and various State officials (the "State Defendants"[2]); Ms. Gonzales (the

[1]    The County Defendants are: Otero County Sheriff's Office, John Blansett, Norbert Sanchez, William Woltz, Leon Ledbetter, Lisa Delorm, Eduardo Medrano, and Robbie Virden.

[2]    The State Defendants are: the State of New Mexico, the New Mexico State Police, Roxanne B. Esquibel, Melissa Armstrong, George Bernal, Canon Stevens,

(continued...)

victim); and the Seriological Research Institute (a forensic laboratory) and Mr. Fedor, one of its employees.

The district court noted that this is the third suit plaintiff has filed against these or other defendants to assert essentially the same claims. R., Doc. 40, at 2.[3] The court noted that plaintiff's allegations in this suit were general and encompassed all of the defendants. *Id.* at 7. The court concluded after a thorough analysis of the complaint that "[a]ll of [plaintiff's] claims are brought under § 1983 and all challenge the validity of his convictions. Because he was arrested with legal process, *i.e.*, with a warrant, [plaintiff's] § 1983 claims based on his arrest are for due-process violations analogous to malicious prosecution." R., Doc. 40, at 23; *id.*, Doc. 48, at 19-20.

All of the defendants either filed or joined in a motion to dismiss, which the district court considered under the standards applicable to motions brought under Fed. R. Civ. P. 12(b)(6). *See* R., Doc. 40, at 10-12; *id.*, Doc. 48, at 11-13. On June 23, 2008, the court issued a memorandum opinion and order dismissing plaintiff's claims against the County Defendants, the Seriological Research Institute, and Mr. Fedor. *Id.*, Doc. 40. The court also denied plaintiff's motion to amend his complaint. *Id.* at 27-30. No. 08-2202 is plaintiff's appeal from the

---

[2](...continued)
and Michael Kwasniewski

[3]    All references are to the district court record in No. 08-2264.

court's June 23, 2008, decision.  On September 30, 2008, the court issued a memorandum opinion and order dismissing plaintiff's claims against the remaining defendants.  R., Doc. 48.  No. 08-2264 is plaintiff's appeal from that decision.

The district court dismissed plaintiff's claims against the Seriological Research Institute and Mr. Fedor because plaintiff asserted no facts against them to show how they had any involvement in his arrest and prosecution, but the dismissal was without prejudice because plaintiff's allegations against these defendants were so vague that "there [wa]s nothing to give meaningful preclusive effect."  R., Doc. 40, at 18-19.  "We review a dismissal under Fed. R. Civ. P. 12(b)(6) [for "failure to state a claim upon which relief can be granted"] *de novo*."  *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).  With respect to the Seriological Research Institute and Mr. Fedor, the district court denied plaintiff's motion to amend his complaint without prejudice because plaintiff's allegations against these defendants were so unclear that the court could not determine whether amendment would be futile.  *See* R., Doc. 40, at 29-30.  "We ordinarily review a denial of a motion to amend a pleading for abuse of discretion."  *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

The district court dismissed plaintiff's claims against the County Defendants without prejudice, holding that because plaintiff had not overturned

his conviction, his § 1983 claims for malicious prosecution against the County Defendants had not accrued. R., Doc. 40, at 26 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The court dismissed plaintiff's claims against the State Defendants without prejudice on the same grounds. *Id.*, Doc. 48, at 17-22. Because the court dismissed plaintiff's claims against the County and State Defendants under Fed. R. Civ. P. 12(b)(6), we review these dismissals de novo. *Moss*, 559 F.3d at 1161. The court rejected as irrelevant plaintiff's argument that the discovery rule applied to extend the statute of limitations on his § 1983 claims. R, Doc. 40, at 24-26; *id.*, Doc. 48, at 20-22. The court also noted that plaintiff did not allege any state tort claims, but that such claims would most likely be barred by the applicable statutes of limitations. *Id.*, Doc. 40, at 26; *id.*, Doc. 48, at 22 n.5. With respect to the County and State Defendants, the court denied plaintiff's motion to amend the complaint (with prejudice, it appears) because he offered neither facts to support amendment nor a proposed amended complaint, and because it was not apparent that there was any additional claim for him to assert that would not be barred under *Heck* or by the applicable statute of limitations, so amendment "would likely be futile." R., Doc. 40, at 27-29. Although "[w]e ordinarily review a denial of a motion to amend a pleading for abuse of discretion[,] . . . our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M.*, 565 F.3d at 1249.

The district court dismissed plaintiff's claims against Ms. Gonzales because she is a private individual, not a state actor, and plaintiff failed to allege facts showing that she acted under color of state law to support a claim against her under § 1983.  R., Doc. 48, at 23-25.  Because the court dismissed plaintiff's claims against Ms. Gonzales under Fed. R. Civ. P. 12(b)(6), we review this dismissal de novo.  *Moss*, 559 F.3d at 1161.  Because plaintiff is representing himself, we construe his pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

To the extent that we can discern plaintiff's arguments, he argues on appeal that the district court:  (1) erred in dismissing his § 1983 claims; (2) erred by not putting defendants to the burden of asserting their qualified immunity defense; (3) erred by holding that the discovery rule did not apply to extend the statute of limitations on his § 1983 claims.  We have carefully reviewed the parties' materials and the record on appeal.  We find no error or abuse of discretion, and affirm for substantially the same reasons as those clearly and thoroughly set forth by the district court in its June 23 and September 30, 2008 orders.

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-